Filed 12/7/15  P. v. Burdine CA

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LEON BURDINE,<br><br>    Defendant and Appellant. | H041046<br>(Santa Clara County<br>Super. Ct. No. C1363392) |

## STATEMENT OF THE CASE

An information charged defendant Leon Burdine with inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a)[1]; count 1), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2), and criminal threats (§ 422; count 3).  Following a trial, a jury convicted defendant on counts one and two and acquitted him on count three.  The trial court sentenced defendant to three years in prison.

Defendant now appeals from the judgment of conviction.  On appeal, defendant contends that the prosecutor committed misconduct by misstating the reasonable doubt standard during closing argument.  He also contends that the trial court effectively misinstructed the jury by overruling a defense objection to the prosecutor's comments regarding reasonable doubt.

_____

[1] Subsequent unspecified statutory references are to the Penal Code.

As explained below, we find no reversible error. It is true that the prosecutor made comments that inaccurately described the reasonable doubt standard. However, reversal due to prosecutorial misconduct is unwarranted because there is not a reasonable likelihood that the jury understood or applied the complained-of comments in an improper or erroneous manner. Nor is reversal warranted due to misinstruction. We will affirm.

## BACKGROUND[2]

Before closing arguments, the trial court orally instructed the jury. As pertinent here, the trial court instructed the jury with CALCRIM No. 220, the pattern instruction regarding proof beyond a reasonable doubt. Pursuant to CALCRIM No. 220, the trial court stated: "Now the fact that a criminal charge has been filed against the defendant is not evidence that the charge is true. You must not be biased against the defendant just because he's been arrested, charged with a crime or brought to trial. A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove a defendant guilty beyond a reasonable doubt. [¶] And whenever I tell you the People must prove something, I mean that they must prove it beyond a reasonable doubt unless I specifically tell you otherwise. [¶] Proof beyond a reasonable doubt is proof that leaves you with an abiding conviction that the charge is true. [¶] The evidence need not eliminate all possible doubt because everything in life is open [to] some possible or imaginary doubt. [¶] In deciding whether the People have proved their case beyond a reasonable doubt, you must impartially compare and consider all of the evidence that was received throughout the entire trial."

During his closing argument, the prosecutor attacked the credibility of defendant's testimony, arguing that defendant's testimony was "wholly self-serving," "unreliable,"

---

[2] The facts underlying defendant's conviction are irrelevant to our analysis of the issues presented on appeal. We therefore will not summarize those facts.

and "inconsistent." In particular, the prosecutor stated: "[L]adies and gentlemen, there is absolutely no reason you should believe anything that the defendant said when he was testifying to you about the events of that day. . . . [¶] [F]undamentally what the defendant told you is in complete contradiction to all of the evidence in this case. [¶] The defendant provided you a self-serving statement about what happened that night, a statement that was designed to prevent him from being convicted of that crime. It was nothing more and nothing less. His testimony should not be credited."

Immediately after the prosecutor stated that defendant's testimony should not be credited, he discussed the standard of proof beyond a reasonable doubt. The prosecutor stated:

> "The law doesn't define for you what abiding conviction is. And as we discussed during voir dire, it's up to each of you to decide whether you have that abiding conviction, whether you believe that the defendant is guilty of this crime.
>
> "Now proof beyond a reasonable doubt also tells you, or the instruction also tells you that it is not proof beyond all doubt or any doubt. The instruction explains to you that everything in life is open to some possible doubt or some imaginary doubt.
>
> "The question is whether the doubt in your mind is a reasonable doubt. Whether it reasonably suggests to you that the defendant did not commit this crime.
>
> "Over the course of the next several minutes, I will be explaining to you why you should not have any reasonable doubt in this case. The defendant is guilty of all three of these offenses.
>
> "*Now, ladies and gentlemen, every prosecutor has the same kind of nightmare running through our heads. That's after you*

3

*come back with a verdict, and the verdict is not guilty. We are out in the hallway talking, you to me, as we are allowed to do at that point, and then someone says to me, well, we knew he was guilty but. And what I will want to say to you at any point but will probably hold back saying is, ladies and gentlemen, I would suggest to you that if you find yourself at any point while you were thinking to yourself, I know he's guilty, but you should stop.*

"*Because at the moment you say I know he's guilty, I would suggest to you that you have an abiding conviction that this defendant is guilty of the crime. You know he did it.*"

(Italics added.)

Defense counsel objected to the prosecutor's statement, arguing that the prosecutor had made a "[m]isstatement of law." The trial court should have sustained the objection. However, after an unreported bench conference, the trial court informed the jury: "Ladies and gentlemen of the jury, I have overruled the objection that was immediately before the break. [¶] I want to remind you that what the attorneys say is not evidence. That if anything the attorneys say about the facts or the evidence in this case differs from your recollection, you rely on your recollection. [¶] If you believe anything the attorneys say regarding the law that applies is inconsistent with my instructions on the law, you follow my instructions."

The prosecutor then continued his argument. He stated, "*At this point that you find yourself thinking, I know he's guilty, you don't need to go any further, I would suggest because you have at that point formed that abiding conviction.*" (Italics added.) This statement was erroneous and conflicted with the trial court's further instruction but not with its ruling on the objection.

4

After the parties finished their arguments to the jury, the trial court held a hearing regarding its ruling on the objection. That hearing shows the trial court very probably did not have in mind either the clear misstatement of the reasonable doubt standard or the effect of its ruling on the jury. Indeed, the trial court attributed its ruling to the consideration of lesser included offenses.[3]

## DISCUSSION

Defendant contends the judgment must be reversed because the trial court effectively misinstructed the jury by overruling the defense objection to the prosecutor's comments. H also contends the judgment must be reversed due to prosecutorial misconduct. We will begin our discussion with the claim of prosecutorial misconduct.

## I. *PROSECUTORIAL MISCONDUCT*

### A. *Legal Principles*

"Advocates are given significant leeway in discussing the legal and factual merits of a case during argument." (*People v. Centeno* (2014) 60 Cal.4th 659, 666 (*Centeno*).) However, it is "improper for the prosecutor to misstate the law and particularly to absolve the prosecution from proving beyond a reasonable doubt all elements of a charged offense." (*People v. Speight* (2014) 227 Cal.App.4th 1229, 1242.)

"To prevail on a claim of prosecutorial misconduct based on remarks to the jury, the defendant must show a reasonable likelihood the jury understood or applied the complained-of comments in an improper or erroneous manner. [Citation.] In conducting

---

[3] When explaining its ruling on the objection, the trial court stated: "[I]t was very clear . . . that what [the prosecutor] was saying is that if they had a belief they did not need to consider lesser-included offenses and that conviction simply means belief, which is an accurate statement. [¶] So for that reason, I overruled the objection. I did, however, remind the jury once we resumed, that what the attorneys say is not evidence and any instructions that [the attorneys] recite that they believe are inconsistent with mine, they are to ignore and follow my instructions. So I don't believe there was any error. To the extent that there was, I'm confident that it was cured by my instruction."

this inquiry, we 'do not lightly infer' that the jury drew the most damaging rather than the least damaging meaning from the prosecutor's statements. [Citation.]" (*People v. Frye* (1998) 18 Cal.4th 894, 970 (*Frye*), disapproved of on another point in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22; see also *Centeno, supra,* 60 Cal.4th at p. 667.) "[W]e do not view the prosecutor's remarks in isolation but rather 'in the context of the argument as a whole.' [Citation.]" (*People v. Adanandus* (2007) 157 Cal.App.4th 496, 513 (*Adanandus*); see also *Centeno, supra,* 60 Cal.4th at p. 667 [the prosecutor's remarks are considered in context]; *People v. Marshall* (1996) 13 Cal.4th 799, 831 [same].)

"A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his or her guilt is satisfactorily shown, he or she is entitled to an acquittal, but the effect of this presumption is only to place upon the state the burden of proving him or her guilty beyond a reasonable doubt." (§ 1096.)

"Reasonable doubt is defined as follows: 'It is not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge.' " (§ 1096.) Our Supreme Court has explained that, in accordance with the definition of reasonable doubt, "[i]t is permissible to argue that the jury may reject impossible or unreasonable interpretations of the evidence and to so characterize a defense theory." (*Centeno, supra,* 60 Cal.4th at p. 672.)

**B.** *Analysis*

Defendant urges us to conclude that the italicized portions of the prosecutor's argument were a misstatement of the reasonable doubt standard. The prosecutor did attempt to equate proof beyond a reasonable doubt with proof by a preponderance of the evidence. (See *City of Long Beach v. Workers' Comp. Appeals Bd.* (2005) 126

6

Cal.App.4th 298, 314 ["preponderance of the evidence means evidence, which when weighed with contrary evidence, has more convincing force and the greater probability of truth"].)  Although the prosecutor's comments provided an erroneous description of the reasonable doubt standard, reversal is required only if, when the complained-of comments are viewed in the context of the prosecutor's whole argument, there is a "reasonable likelihood the jury understood or applied the complained-of comments in an improper or erroneous manner." (*Frye, supra,* 18 Cal.4th 894, 970; see *Adanandus, supra,* 157 Cal.App.4th at p. 513 [we view the comments in the context of the whole argument, not in isolation].)  Below, we consider defendant's arguments and conclude that there is not a reasonable likelihood that the jurors understood or applied the complained-of comments in an improper or erroneous manner.

Defendant challenges the prosecutor's comment regarding his "nightmare" of an acquittal where a juror states "we knew he was guilty but."  Defendant contends that this comment was misconduct because it encouraged jurors to convict even if all reasonable doubts had not been extinguished.  When considered in context, there is not a reasonable likelihood that the jury interpreted the comment in the manner espoused by defendant. The prosecutor's "nightmare" comment occurred after he informed the jury that "everything in life is open to some possible doubt or imaginary doubt," explained that only reasonable doubts are cause for acquittal, and encouraged the jurors to discredit defendant's "unreliable" and "wholly self-serving" testimony.  Though badly put, the comment suggested that non-reasonable or imaginary doubts are not cause for acquittal, and the comment was an attempt to classify defendant's testimony as providing only a non-reasonable or imaginary doubt.  Contrary to defendant's assertion, there is not a reasonable likelihood that the jurors understood the "nightmare" comment as authorizing a conviction where reasonable doubt existed.

7

Defendant also asserts that the prosecutor's use of the word "moment" in describing reasonable doubt "completely undermine[d] the meaning of 'abiding' " and thus "minimize[d] the burden to one of shallow, first-glance consideration." We must consider the use of the word "moment" in context. It is true that the prosecutor stated, "Because at the moment you say I know he's guilty, I would suggest to you that you have an abiding conviction that this defendant is guilty of the crime." This comment, however, followed these statements by the prosecutor: jurors must feel an "abiding conviction" in guilt in order to convict, proof beyond a reasonable doubt "is not proof beyond all doubt or any doubt," "everything in life is open to some possible doubt or imaginary doubt," the issue in determining guilt is "whether the doubt in your mind is a reasonable doubt," defendant's testimony was "wholly self-serving" and not credible, and the jurors should "stop" when they "know" that defendant is guilty. In context, it is apparent that the prosecutor used the word "moment" to describe the point in deliberations at which the jurors could classify defendant's testimony as providing only a non-reasonable doubt, determine that all reasonable doubts were extinguished, conclude that an abiding conviction in guilt existed, and convict defendant of the charged crimes.

Finally, defendant challenges the prosecutor's comments that advised the jurors to "stop" and not "go any further" when they "know he's guilty." Defendant raises two arguments in regard to these comments. He asserts that the comments advised the jurors that they could convict without "thorough consideration." He also asserts that the prosecutor's use of the word "know" improperly suggested that the "everyday" definition of "knowing something" was "sufficient for a finding of guilt."

There is not a reasonable likelihood that the jury understood the prosecutor's comments as authorizing a conviction without thorough consideration. The prosecutor advised the jury that the issue in determining guilt "is whether the doubt in your mind is a reasonable doubt," he directed the jury to distinguish between imaginary doubts and

8

reasonable doubts, and he explained that the standard of proof beyond a reasonable doubt required an "abiding conviction" in defendant's guilt. The prosecutor's argument thus informed the jury that it must engage in a considered analysis before arriving at a verdict. The prosecutor's comments to "stop" and "not go any further" when the jury knew defendant was guilty suggested a stopping point for the jury's considered analysis. Viewed in context, there is not a reasonable likelihood that the jurors understood the prosecutor's comments as authorizing a conviction without thorough consideration.

Nor is there a reasonable likelihood that the jury improperly interpreted the word "know." Defendant contends that the prosecutor's use of the word "know" unlawfully "assured the jury that the 'common-sense' definition of knowing something is sufficient for a finding of guilt." Citing *People v. Johnson* (2004) 115 Cal.App.4th 1169 (*Johnson*), defendant emphasizes that "minimizing the reasonable-doubt standard, by comparing it to 'knowing' something in the everyday sense, has been considered and criticized." Contrary to defendant's assertion, the prosecutor's simple use of the word "know" did not suggest that an "everyday" definition of knowledge was sufficient for a guilty verdict. Moreover, *Johnson* is distinguishable from defendant's case. *Johnson* held that an instruction that analogized the reasonable doubt standard to the process of "making decisions to take vacations and get on airplanes" lowered the prosecution's burden of proof. (*Id.* at p. 1172.) In reaching its holding, *Johnson* noted that it was improper to analogize the reasonable doubt standard to decisions people make in their everyday lives, such as the decision to change lanes while driving, the decision to get married, and the decision to purchase a home. (*Id.* at pp. 1171-1172.) The prosecutor here never compared the reasonable doubt standard to any sort of ordinary, everyday activity. Defendant's reliance on *Johnson* is thus unavailing.

In sum, defendant urges us to examine the prosecutor's comments in isolation and conclude that the isolated comments were a misstatement of the reasonable doubt

9

standard. We agree that the complained-of comments, when viewed in isolation, provided an erroneous and imprecise description of the reasonable doubt standard. However, reversal is warranted only if, when the complained-of statements are viewed in context, there is a reasonable likelihood the jury understood or applied the complained-of comments in an improper or erroneous manner. As we have explained, when the complained-of comments are considered in the context of the prosecutor's whole argument, there is not a reasonable likelihood that the jury understood or applied the comments in an improper or erroneous manner. Nothing we say should be seen as condoning what the prosecutor did here, but we see it is error rather than misconduct.

## II. *MISINSTRUCTION*

Defendant contends that by overruling the defense objection to "the prosecutor's misstatement of the reasonable-doubt standard," the trial court "adopted" the prosecutor's misstatement "as a sort of pinpoint instruction that undermined the correct reasonable-doubt instruction." This argument is not persuasive.

The trial court did not "adopt" the prosecutor's comments as a "sort of pinpoint instruction." The trial court's mere act of overruling the objection to the prosecutor's comments cannot be construed as an adoption of the prosecutor's comments. This is especially true given that, immediately after overruling the objection, the trial court admonished the jurors to disregard "anything the attorneys say regarding the law" that "is inconsistent with my instructions on the law." Defendant's claim of misinstruction fails.

### DISPOSITION

The judgment is affirmed.

10

_____
RUSHING, P.J.

WE CONCUR:



_____
MÁRQUEZ, J.



_____
GROVER, J.

11